## Rafael R. Gómez, recurrente, v. El Registrador de Mayagüez, recurrido.

No. 621.—*Sometido:* Noviembre 2, 1925. *Resuelto:* Febrero 19, 1926.

1. Hipotecas—Requisitos y Validez—Forma y Contenido de la Escritura de Hipoteca—Hipoteca de Varias Fincas para Garantizar un Crédito—Distribución de Responsabilidad Entre las Fincas.—Constituida hipoteca sobre varias fincas por dos deudores para garantizar una obligación (pagaré al portador), debe distribuirse la responsabilidad de la deuda entre todas las fincas gravadas; la excepción establecida por la enmienda hecha al artículo 119 de la Ley Hipotecaria por Ley No. 62 de 1923 (1), p. 406–8 no es aplicable a dicho caso.

2. Hipotecas—Requisitos y Validez—Forma y Contenido de las Escrituras de Hipoteca—Descripción de la Propiedad Hipotecada—Omisión de Expresar Medida de un Solar por un Lado.—No constituye defecto subsanable alguno—en documento sujeto a inscripción—el no expresarse la medida de un solar por uno de sus lados si en dicho documento se expresa la medida superficial del inmueble.

Nota de *A. Malaret,* R. (Mayagüez), denegando inscripción de escritura de hipoteca. *Confirmada* en cuanto al primer motivo, y *revocada* respecto al segundo.

*Miguel Marcos Morales,* abogado del recurrente; el recurrido compareció por escrito.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Antonio Bures Miranda y Rafael Gómez suscribieron un pagaré al portador por la suma de $15,000 y para garantizar esta obligación ambos comparecieron en una misma escritura y constituyeron hipoteca, el primero sobre dos fincas de su propiedad radicadas en el distrito de Ponce y el segundo sobre otra finca inscrita a su nombre en el Registro de la Propiedad de Mayagüez. Según el documento cada otorgante garantiza solidariamente el pagaré con sus respectivas fincas.

El documento fué presentado para su inscripción en el Registro de Mayagüez y el registrador denegó su inscripción mediante la siguiente nota:

"Denegado en cuanto a la finca de Rafael R. Gómez, única que pertenece a la demarcación de este Registro, por no haberse distribuído la responsabilidad de la deuda entre todas las fincas gravadas,

de acuerdo con el Art. 119 de la Ley Hipotecaria; tomando en su lugar anotación preventiva por 120 días a los efectos legales, al folio 62 del tomo 120 de esta ciudad, finca 2289, Anotación 'A', con el defecto subsanable de no expresarse la medida del solar por su espalda Oeste."

El registrador archivó su alegato en apoyo de su nota pero sólo discute el primer motivo refiriéndose escuetamente al artículo 119 por ser general y no hacer distinciones. El recurrente por otra parte no hace citas de jurisprudencia ni de autoridades que sostengan su argumentación, y que por sí sola no consideramos satisfactoria.

[1] Se nos ocurre que el mismo propósito que tuvo el legislador y que se expresa en la Exposición de motivos de la Ley Hipotecaria (Galindo y Escosura, tomo 1, p. 192) no varía bajo las circunstancias del presente recurso, pues la enmienda que se hace del artículo 119 por la ley No. 62, aprobada en 1923 (p. 408), para que se distribuya la responsabilidad del pagaré entre varias fincas hipotecadas, no es aplicable.

El mismo autor que citamos haciendo aplicación de aquellos motivos que sirvieron de base a la ley, dice:

"¿Podrán los interesados, de común acuerdo, convenir en la indivisibilidad de la hipoteca y demás gravámenes que pesen indistintamente sobre varias fincas, y que no se determine la responsabilidad de cada una de ellas? Entendemos que no; la división es obligatoria, no facultativa; el objeto de la Ley fué impedir las exigencias inmoderadas de los prestamistas, en beneficio del crédito público, y no se lograría, si se permitiese la renuncia de la división; porque los prestamistas la exigirían siempre, y el precepto legal quedaría eludido, sin que sirviera más que para aumentar la extensión de la escritura. El art. 28 de la Inst. de 12 Jun. 1861, ya prohibió el otorgamiento de escrituras de hipotecas o de imposición de censo o capital a rédito sobre fincas diferentes sin señalar en ellas la parte de dichos capital y réditos de que ha de responder cada una, y lo mismo disponen los art. 21 y 22 de la Inst. de 9 Nov. 1874." 4 Galindo y Escosura, Comentarios a la Legislación Hipotecaria de España, p. 524.

Tal vez fuera necesario añadir que la hipoteca sujeta di-

recta e inmediatamente los bienes sobre que se impone, y éstos son los que deben.   Artículo 105, Ley Hipotecaria.   La obligación *in solidum* de que habla el recurrente es personal y sus efectos se rigen por lo que dispone el Código Civil, artículo 1104.   El recurrente parece confundir el efecto de la obligación principal con el de la accesoria que representa la hipoteca.   Si una de las fincas no fuere bastante para solventar la deuda, la distribución de la responsabilidad en ellas no impide que el acreedor pueda hacer efectivo su crédito por la diferencia sobre la otra finca, y no siendo aun suficientes, los deudores serían entonces responsables con sus demás, bienes, salvo el pacto que se hubiera contraído o las fincas pasaren a tercero.   El primer. motivo debe, por tanto, sostenerse.

[2] El· segundo motivo de la nota parece infundado.

· El artículo 9 de la Ley Hipotecaria, concordante con el 63 de su reglamento, exige entre otras circunstancias que debe contener toda inscripción, la de expresarse la medida superficial del inmueble.   Esta se expresa en el documento y ello es suficiente.

*La nota del registrador debe confirmarse en cuanto al primer motivo y revocarse respecto al segundo.*

El Juez Asociado Sr. Wolf disintió.